IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MANUEL JESSIE MENDEZ, §
　　　　　　　　　　　　　　§
　　　　　Petitioner, §
　　　　　　　　　　　　　　§
v. § No. 4:19-CV-458-A
　　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　　　§
　　　　　Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Manuel Jessie Mendez, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On June 4, 2001, in Palo Pinto County, Texas, Case No. 11,554, Petitioner entered an open plea of guilty to one count of aggravated robbery and, on June 6, 2001, a jury assessed his punishment at life imprisonment and a $10,000 fine. (Clerk's R. 57-68, 71-72, doc. 17-6.) Petitioner's conviction was affirmed by the 11th District Court of Appeals of Texas on October 2, 2003.

(Op. 7, doc. 17-2.) Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Resp't's Preliminary Answer, Ex. A, doc. 18.) However, on February 18, 2019, he did file a state habeas-corpus application challenging his conviction, which the Texas Court of Criminal Appeals denied without written order.[1] (SHR02[2] 181 & Action Taken, docs. 17-16, 17-17.) This federal habeas petition challenging his conviction was filed on April 16, 2019.[3] Respondent asserts that the petition is untimely under the federal statute of limitations and should be dismissed. (Resp't's Answer 5-8.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
>     (A) the date on which the judgment became

---

[1] A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information, but it does reflect the date he signed the document. For purposes of this opinion, the application is considered filed on that date.

[2] "SHR02" refers to the record of petitioner's relevant state habeas proceeding in WR-54,128-02.

[3] Likewise, a prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. (Pet. 17, doc. 3.) *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment on the jury verdict became final by the expiration of the time for seeking direct review. For purposes of that provision, the judgment on the jury verdict became final upon expiration of the time that Petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on Monday, November 3, 2003.[4] Therefore, limitations began the next day and closed one year later on November 3, 2004, absent any tolling. *See* TEX.

---

[4]November 1, 2003, was a Saturday.

3

R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application filed on February 18, 2019, after limitations had already expired, did not operate to toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, absent tolling as a matter of equity, Petitioner's petition filed on April 16, 2019, is untimely.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden to establish that equitable tolling is justified. *See Holland*, 560 U.S. at 649. Petitioner makes no such showing. He provides no explanation for his years-long delay and the record reveals none. His extreme delay mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does he allege, much less present new reliable evidence, that he is actually innocent of the

offense for which he pleaded guilty and was convicted.

Accordingly, petitioner's federal petition was due on or before November 3, 2004. His petition, filed on April 16, 2019, is therefore untimely.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED April __8__, 2020.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE